JOHN W. HUBER, United States Attorney (#7226)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800 • Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

Case: 2:20−cr−00259
Assigned To : Nielson, Howard C., Jr
Assign. Date : 8/14/2020
Description: USA v Douros

FILED
2020 AUG 14 AM 8:30
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL LEROI DOUROS,<br><br>　　　　Defendant. | **FELONY INFORMATION**<br><br>Counts 1-2: 18 U.S.C. § 1344(1) & (2) (Bank Fraud)<br><br>Count 3: 18 U.S.C. § 1014 (False Statement to a Bank)<br><br>Count 4: 18 U.S.C. § 1014 (False Statement to a Bank)<br><br>Count 5: 18 U.S.C. § 1957 (Money Laundering) |

The United States Attorney alleges:

### I. BACKGROUND

At all times relevant to this Felony Information:

1. Defendant MICHAEL LEROI DOUROS ("DOUROS") was a resident of Utah.

2. Epic Rentals UT LLC ("Epic Rentals") was registered with Utah Division of Corporations on June 5, 2019 with Zach Douros as the registered agent.

3. The United States Small Business Administration ("SBA") is an executive-branch agency of the United States federal government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by

enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enables and provides for loans through banks, credit unions and other lenders. These loans have government-backed guarantees.

4. In addition to traditional SBA funding programs, The CARES Act, which was signed into law in March 2020, established several new temporary programs and provided for the expansion of others to address the COVID-19 outbreak.

5. One of these new programs is the SBA Paycheck Protection Program (PPP), which is a loan designed to provide a direct incentive for small businesses to keep their workers on the payroll. Under this program, the SBA will forgive all or part of loans if all employees were kept on the payroll for eight weeks and borrowers submit documentation confirming that the loan proceeds were used for payroll, rent, mortgage interest, or utilities.

6. Payroll, as defined by the PPP excludes compensation of an individual employee in excess of an annual salary of $100,000, prorated as necessary.

7. Interested applicants apply through an existing SBA lender or any other participating federally insured financial institution. Borrower requirements include the business was in operation on February 15, 2020 and either had employees for whom the business paid salaries and payroll taxes or paid independent contractors as reported on a Form 1099-MISC. Borrowers are required to submit such documentation as is necessary to establish eligibility such as payroll processor records, payroll tax filings, or Form 1099-MISC, or income and expenses from a sole proprietorship.

8. The PPP application process requires applicants to submit a Borrower Application Form through an SBA-approved financial entity. The application contains information as to the

purpose of the loan, average monthly payroll, number of employees and background of the business and its owner, including questions relating to criminal history.

## II.   THE SCHEME AND ARTIFICE TO DEFRAUD

9. On or about May 1, 2020 and continuing to on or about August 12, 2020, within the Central Division of the District of Utah and elsewhere,

**MICHAEL LEROI DOUROS**,

defendant herein, devised and intended to devise a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and omissions of material facts.

10. In executing and attempting to execute the scheme and artifice to defraud, and in furtherance thereof, defendant DOUROS:

    a. knowingly made false and fraudulent pretenses, representations, and promises to Cache Valley Bank and Zions Bank, financial institutions within the meaning of 18 U.S.C. § 20, the accounts of which were then insured by the Federal Deposit Insurance Corporation ("FDIC"), in violation of 18 U.S.C. § 1344 (Bank Fraud);

    b. knowingly made false statements and caused false statements to be made to financial institutions, in violation of 18 U.S.C. § 1014 (False Statements to a Bank); and

    c. knowingly engaged and attempted to engage in monetary transactions in criminally derived property of a value greater than $10,000 and derived from specified unlawful activity (Bank Fraud), to wit, proceeds of fraudulently obtained money, in violation of 18 U.S.C. § 1957 (Money Laundering).

## III.   MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

*Zions Bank Loan Application*:

11. On or about May 2, 2020, defendant DOUROS filled out and submitted a PPP loan

application through Zions Bank.

12. In execution and furtherance of the scheme and artifice to defraud, defendant DOUROS made or caused to be made, one or more of the following false and fraudulent representations to Zions Bank:

   a. Epic Rentals' average monthly payroll was $79,524; when in fact, Epic Rentals' average monthly payroll was far less;

   b. Epic Rentals had 10 employees; when in fact, Epic Rentals had only approximately 6 employees;

   c. Defendant DOUROS's son owned 50% of Epic Rentals; when in fact, defendant DOUROS's son did not own any portion of the business; and

   d. The Applicant (defined on SBA Form 2483 as all members owning at least 20% or more of the LLC) had not been convicted of a felony or on any form of parole or probation in the last 5 years; when in fact, defendant DOUROS was a 50% owner of Epic Rentals and was convicted of a felony by the State of Utah in 2016 and was on probation within the 5 year period.

13. Zions Bank initially funded the PPP loan of $198,800.00, but upon further inspection of the representations in the loan application, cancelled the transfer on or about May 5, 2020.

14. The next day, on or about May 6, 2020, defendant DOUROS transferred his ownership interest in Epic Rentals to his son.

*Cache Valley Bank Loan Application*:

15. On or about May 13, 2020, defendant DOUROS caused to be filled out and submitted a PPP loan application through Cache Valley Bank.

16. In execution and furtherance of the scheme and artifice to defraud, defendant DOUROS made or caused to be made, one or more of the following false and fraudulent

representations to Cache Valley Bank:

    a. Epic Rentals' average monthly payroll was $95,636; when in fact, Epic Rentals' average monthly payroll was far less;

    b. Epic Rentals had 9 employees; when in fact, Epic Rentals had only approximately 6 employees;

    c. Defendant DOUROS's son owned 50% Epic Rentals; when in fact, defendant DOUROS's son was a nominee and "straw owner"; and

    d. The Applicant (defined on SBA Form 2483 as all members owing at least 20% or more of the LLC) had not been convicted of a felony or on any form of parole or probation in the last 5 years; when in fact, defendant DOUROS was the true owner of Epic Rentals and was convicted of a felony by the State of Utah in 2016 and was on probation within the 5 year period.

17. On or about May 14, 2020, Cache Valley Bank funded the PPP loan of $239,091.67 and transferred that money to Epic Rentals.

18. Within one month of receiving the PPP loan money, defendant DOUROS's son transferred $95,000 of the PPP loan money to defendant DOUROS.

### Counts 1-2
### 18 U.S.C. § 1344(1) & (2)
### (Bank Fraud)

19. The allegations in this Felony Information are incorporated by reference and realleged as though fully set forth herein.

20. On or about the dates listed below, in the Central Division of the District of Utah and elsewhere,

**MICHAEL LEROI DOUROS**,

defendant herein, did execute and attempt to execute, a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises, from Cache Valley Bank and Zions Bank, financial institutions within the meaning of 18 U.S.C. § 20, the accounts of which were then insured by the Federal Deposit Insurance Corporation, in instances

5

including but not limited to each count below:

| COUNT | DATE (on or about) | DESCRIPTION |
|---|---|---|
| 1 | 05/02/2020 | Online loan application submitted to Zions Bank |
| 2 | 05/14/2020 | $239,091.67 transfer from Cache Valley Bank to Epic Rentals |

All in violation of 18 U.S.C. § 1344.

## Count 3
## 18 U.S.C. § 1014 and 2(b)
## (False Statement to a Bank)

21. The allegations in this Felony Information are incorporated by reference and realleged as though fully set forth herein.

22. On or about May 2, 2020, in the Central Division of the District of Utah and elsewhere,

**MICHAEL LEROI DOUROS**,

defendant herein, knowingly made and caused to be made a false statement listed below for the purpose of influencing the action of Zions Bank, a bank the deposits of which were then insured by the Federal Deposit Insurance Corporation, in connection with a PPP loan application for approximately $198,800.00, in that defendant DOUROS falsely stated and caused to be falsely stated:

    a. Epic Rentals' average monthly payroll was $79,524; when in fact, Epic Rentals' average monthly payroll was far less;

    b. Epic Rentals had 10 employees; when in fact, Epic Rentals had only approximately 6 employees;

    c. Defendant DOUROS's son owned 50% Epic Rentals; when in fact, defendant DOUROS's son did not own any portion of the business; and

    d. The Applicant (defined on SBA Form 2483 as all members owing at least 20%

6

or more of the LLC) had not been convicted of a felony or on any form of parole or probation in the last 5 years; when in fact, defendant DOUROS was a 50% owner of Epic Rentals and was convicted of a felony by the State of Utah in 2016 and was on probation within the 5 year period.

## Count 4
## 18 U.S.C. § 1014 and 2(b)
## (False Statement to a Bank)

23. The allegations in this Felony Information are incorporated by reference and realleged as though fully set forth herein.

24. On or about May 2, 2020, in the Central Division of the District of Utah and elsewhere,

**MICHAEL LEROI DOUROS**,

defendant herein, knowingly made and caused to be made a false statement listed below for the purpose of influencing the action of Cache Valley Bank, a bank the deposits of which were then insured by the Federal Deposit Insurance Corporation, in connection with a PPP loan application for approximately $239,091.67, in that defendant DOUROS falsely stated and caused to be falsely stated:

   a. Epic Rentals' average monthly payroll was $95,636; when in fact, Epic Rentals' average monthly payroll was far less;

   b. Epic Rentals had 9 employees; when in fact, Epic Rentals had only approximately 6 employees; and

   c. Defendant DOUROS's son owned 50% Epic Rentals; when in fact, defendant DOUROS's son was a nominee and "straw owner".

## Count 5
## 18 U.S.C. § 1957
## (Money Laundering)

25. The allegations in this Felony Information are incorporated by reference and realleged as though fully set forth herein.

26. On or about the dates listed below, in the Central Division of the District of Utah and elsewhere,

**MICHAEL LEROI DOUROS**,

defendant herein, did knowingly engage and attempt to engage in the following monetary transaction by, through, and to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, and such property was derived from the specified unlawful activity of Bank Fraud as alleged above, in instances including but not limited to the count below:

| COUNT | DATE (on or about) | MONETARY TRANSACTIONS |
|---|---|---|
| 5 | 05/21/2020 | "Payroll" check for $20,000 written to defendant DOUROS from the Epic Rentals Keybank account. |

All in violation of 18 U.S.C. § 1957 and 18 U.S.C. § 2(b).

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(2)(A), upon conviction of any offense violating 18 U.S.C. § 1344, the defendant(s) shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the scheme to defraud. The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant for one or more of the reasons listed in 21 U.S.C. § 853(p).
- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1957, the defendants shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property. The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of all property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p); and
- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

Dated this 13th day of August 2020.

JOHN W. HUBER
United States Attorney

_____
JACOB J. STRAIN
Assistant United States Attorneys

9